**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC | ) ) ) ) |
| Plaintiff, | ) Civil Action No. 1:12-cv-01759-RBW |
| v. | ) ) |
| MATTHEW SEIDEL | ) ) ) ) |
| Defendant. | ) ) |

**ANSWER**

Defendant Mathew Seidel ("Defendant"), through counsel, files his Answer in response to Malibu Media, LLC's ("Malibu Media" or "Plaintiff") Complaint as follows. Defense counsel is unaware of when the Complaint was served but files this answer as a matter of caution. The numbered paragraphs below correspond to the numbered paragraphs of the Plaintiff's Complaint.

**Introduction**

1. Paragraph 1 states a legal conclusion to which no response is required.

2. Defendant denies the allegations set forth in Paragraph 2.

3. Paragraph 3 is not directed to Defendant and accordingly no response is required.

**Jurisdiction And Venue**

4. Paragraph 4 states a legal conclusion to which no response is required.

5. Paragraph 5 states a legal conclusion to which no response is required. Notwithstanding the foregoing, Defendant admits he resides in the District of Columbia but denies all remaining allegations set forth in Paragraph 5, particularly that Defendant

1

participated in any acts of copyright infringement.

6.	Paragraph 6 states a legal conclusion to which no response is required.

## Parties

7.	Paragraph 7 is not directed to Defendant and therefore no response is required.

8.	Defendant admits he is an individual and resident of District of Columbia. Defendant lacks knowledge and information sufficient to either admit or deny the remaining allegations set forth in Paragraph 8.

9.	Defendant lacks knowledge and information sufficient to either admit or deny the remaining allegations set forth in Paragraph 9.

## Factual Background

10.	Paragraph 10 is not directed to Defendant and no response is required. Notwithstanding the foregoing, Defendant lacks knowledge and information sufficient either to admit or deny the remaining allegations set forth in Paragraph 10.

11.	Paragraph 11 is not directed to Defendant and no response is required. Notwithstanding the foregoing, Defendant lacks knowledge and information sufficient either to admit or deny the remaining allegations set forth in Paragraph 11.

12.	Paragraph 12 is not directed to Defendant and no response is required. Notwithstanding the foregoing, Defendant lacks knowledge and information sufficient either to admit or deny the remaining allegations set forth in Paragraph 12.

13.	Paragraph 13 is not directed to Defendant and no response is required. Notwithstanding the foregoing, Defendant lacks knowledge and information sufficient either to admit or deny the remaining allegations set forth in Paragraph 13.

14.	Paragraph 14 is not directed to Defendant and no response is required. Notwithstanding the foregoing, Defendant lacks knowledge and information sufficient either

to admit or deny the remaining allegations set forth in Paragraph 14.

15. Paragraph 15 is not directed to Defendant and no response is required. Notwithstanding the foregoing, Defendant lacks knowledge and information sufficient either to admit or deny the remaining allegations set forth in Paragraph 15.

16. Paragraph 16 is not directed to Defendant and no response is required. Notwithstanding the foregoing, Defendant lacks knowledge and information sufficient either to admit or deny the remaining allegations set forth in Paragraph 16.

17. Paragraph 17 is not directed to Defendant and no response is required. Notwithstanding the foregoing, Defendant lacks knowledge and information sufficient either to admit or deny the remaining allegations set forth in Paragraph 17.

18. Paragraph 18 is not directed to Defendant and no response is required. Notwithstanding the foregoing, Defendant lacks knowledge and information sufficient either to admit or deny the remaining allegations set forth in Paragraph 18.

19. Paragraph 19 is not directed to Defendant and no response is required. Notwithstanding the foregoing, Defendant lacks knowledge and information sufficient either to admit or deny the remaining allegations set forth in Paragraph 19.

20. Defendant denies the allegations set forth in Paragraph 20.

21. Defendant denies the allegations set forth in Paragraph 21.

22. Defendant avers the Exhibit A speaks for itself and no answer is required. Notwithstanding the forgoing Defendant denies the allegations set forth in Paragraph 22.

23. Defendant denies the allegations set forth in Paragraph 23, namely that he infringed on of Plaintiff's copyrighted movies.

24. Paragraph 24 is not directed to Defendant and no response is required. Defendant denies he is the "infringer."

**Miscellaneous**

25.     Paragraph 25 is legal conclusion to which no response is required.

26.     Paragraph 26 is not directed to Defendant and no response is required. Notwithstanding the foregoing, Defendant lacks knowledge and information sufficient to either admit or deny the remaining allegations set forth in Paragraph 26.

**COUNT I**

**Direct Infringement Against Defendant**

27.     Defendant incorporates the responses contained in paragraphs 1-26 as if fully restated herein.

28.     Paragraph 28 is not directed to Defendant and no response is required. Notwithstanding the foregoing, Defendant lacks knowledge and information sufficient to either admit or deny the remaining allegations set forth in Paragraph 28.

29.     Defendant denies the allegations set forth in Paragraph 29.

30.     Paragraph 30 is not directed to Defendant and no response is required.

31.     Defendant denies the allegations set forth in Paragraph 31.

32.     Defendant denies the allegations set forth in Paragraph 32.

33.     Defendant denies the allegations set forth in Paragraph 33.

**RELIEF REQUESTED**

WHEREFORE, Defendant respectfully requests that the Court dismiss the Plaintiff's Complaint as to Defendant with prejudice.

Dated: January 15, 2013.

Respectfully submitted,

/s/ George R. A. Doumar_____

George R.A. Doumar (DC #415446)
Doumar Martin, PLLC
2000 N. 14th Street
Suite 210
Arlington, VA 22201
(703) 243-3737
Fax:  (703) 919-2910
e-mail: gdoumar@doumarmartin.com

Counsel for Defendant

**Certificate of Service**

I hereby certify that on this 15th day of January 2013, I served a copy of the foregoing, via ECF, to the following:

Jon A. Hoppe, Esq.
Maddox, Hoppe, Hoffnagle & Hafey, L.L.C.
1401 Mercantile Lane #105
Largo, MD 20774
(301) 641-2580

Attorney for Plaintiff


/s/ George R. A. Doumar_____
George R.A. Doumar
Doumar Martin, PLLC
2000 N. 14th Street
Suite 210
Arlington, VA 22201
(703) 243-3737
Fax:  (703) 919-2910
E-mail: gdoumar@doumarmartin.com

Counsel for Defendant